### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FUCE, II** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM WEST** | : | **NO. 12-0874** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                       July 25, 2012

  In this *pro se*[1] action brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968, Joseph Fuce II, alleges that his former employer's general manager, William West, engaged in unlawful racketeering activity by conspiring with an unidentified accountant and Sovereign Bank to steal money from Fuce's paycheck. West has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Fuce has failed to state a RICO claim. West asserts that no racketeering activity occurred because the money deducted from Fuce's paychecks was withheld for federal, state, and local taxes.[2]

  Although he characterizes West's actions as "robbery" and "embezzlement," Fuce actually alleges a breach of contract, which is not racketeering activity actionable under RICO. Because Fuce has failed to state a RICO claim, we shall grant West's motion to dismiss.

---

  [1] Both the plaintiff and defendant are acting *pro se* in this action.

  [2] Fuce brought two prior actions against two different employers citing various federal statutes and regulations. The thrust of each claim was that the employers were illegally deducting tax withholdings from his pay. Both cases were dismissed for failure to state a claim. *See Fuce v. Gen. Sec. Sys.*, Inc., No. 04-5481, 2005 WL 139084 (E.D. Pa. Jan. 21, 2005); *Fuce v. Hoffman*, No. 09-4916, 2010 WL 363836 (E.D. Pa. Jan. 28, 2010). Fuce makes no reference to taxes in his complaint or RICO Case Statement in this action.

**Standard of Review**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). We may also consider documents attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 002)). With these standards in mind, we shall accept as true Fuce's factual allegations and draw all possible inferences from these facts in his favor.

**Discussion**[3]

On June 23, 2011, Fuce was hired to work as a service technician for the New Life Services Company ("NLS"). He entered into a verbal employment contract to work twenty-five hours per week at an initial pay rate of $8.00 per hour. Although the exhibits to his complaint indicate that he worked for and was paid by NLS,[4] Fuce alleges that his

---

[3] The facts are from the allegations in the complaint, the exhibits attached to the complaint and Fuce's RICO Case Statement. The allegations in the RICO Case Statement are deemed amendments to the complaint. Order, March 15, 2012 (Doc. No. 4).

[4] *See* Pl.'s Exs. A-C (paychecks to Fuce drawn on NLS's bank account), Ex. F (Fuce's NLS timecard report).

employment contract was with West.[5]

Fuce worked with NLS from June 24, 2011 to December 31, 2011, logging a total of 605 hours. The amount of each paycheck was less than the gross amount of his earnings.

On September 29, 2011, Fuce sent a letter to West requesting a one-dollar pay raise and production of all documents he had signed with NLS. West did not respond to this request.[6] Fuce sent a second letter to West on October 10, 2011 inquiring about the status of his previous requests.[7] He wrote that he was owed $419.68 in back pay and would be imposing $100 "penalty" for each day West failed to respond to his letters.[8] Fuce sent a third letter to West on December 15, 2011, reiterating his previous request and his intention to impose a $100 per diem penalty.[9] On December 31, 2011, Fuce ceased working at NLS. Three days later he attempted to hand-deliver a bill to West for $2,252.71, including back pay and penalties. West refused to accept the letter.[10]

Fuce alleges that West conspired with an unnamed accountant and Sovereign Bank to steal money from his earnings. He identifies the accountant only as one who "engages in accounting of the collection of the unlawful debts."[11] He contends that Sovereign Bank

---

[5] Pl.'s Compl. ¶¶ 9-15.

[6] Pl.'s Ex. G.

[7] Pl.'s Ex. H. Fuce's paychecks show that as of the October 1, 2011 pay period his pay rate was increased by $1.00 to $9.00 per hour. *See* Pl.'s Exs. C, E.

[8] Pl.'s Ex. H.

[9] Pl.'s Ex. I.

[10] Pl.'s Ex. E.

[11] Pl.'s RICO Case Statement ¶ 6(a), (b).

participated in this unlawful enterprise by "supply[ing] the account(s) for the unlawful debts collected."[12]

To state a civil RICO claim, the plaintiff must allege that the defendant engaged in one of the four "Prohibited activities" listed at 18 U.S.C. § 1962(a)-(d) (2006).[13] *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 482-83 (1985). Fuce alleges that West violated § 1962(d), which prohibits conspiring to commit one of the three object offenses defined in subsections (a), (b) or (c).

To state a claim under subsection (d), Fuce must first allege that the object of the conspiracy was a violation of either subsection (a), (b) or (c). *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 373 (3d Cir. 2010) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993). Absent that allegation, a § 1962(d) claim fails. *Ins. Brokerage Antitrust Litig.*, 618 F.3d at 373 (quoting *Salinas*, 522 U.S. at 65).

Fuce does not identify whether West conspired to violate (a), (b) or (c). Each of these three subsections require him to allege West's involvement in "racketeering activity" as defined in the RICO statute. *See* 18 U.S.C. § 1962(a)-(c). Fuce fails to meet that requirement. He cannot state a claim under any of the three.

RICO defines racketeering activity as comprising one of the offenses listed at § 1961(1), commonly referred to as "predicate offenses." *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 245 (3d Cir. 2012). The

---

[12] *Id.* ¶ 6(b).

[13] RICO provides a civil remedy "for any person injured in his business or property by a violation of one of RICO's substantive provisions. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 245 (3d Cir. 2012) (quoting 18 U.S.C. § 1964(c) (internal quotation omitted)).

list includes specific federal crimes codified in the United States Code, such as bribery, embezzlement and fraud, and several types of state felonies that are punishable by imprisonment for more than one year, such as murder, kidnapping, robbery, bribery and extortion.  18 U.S.C. § 1961(1); *Schering*, 678 F.3d at 245.  The list of predicate offenses is complete.  *Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir. 1999), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000); *see also Beck v. Prupis*, 529 U.S. 494, 497 n.2 (2000); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("The acts of racketeering activity that constitute the pattern must be among the various criminal offenses listed in § 1961(1) . . . .").  Thus, to state a RICO cause of action, Fuce must allege that West violated one of the predicate offenses listed in § 1961(1).

Fuce alleges that West committed two specific federal offenses–"neglect to prevent the collection of unlawful debt" in violation of 18 U.S.C. § 1986[14] and "conspiracy against rights" in violation of 18 U.S.C. § 241.  He also alleges that West committed "robbery" and "embezzlement."[15]

Neither of the federal statutes Fuce cites is listed in § 1961(1).  Hence, he cannot rely on violations of those provisions as predicate offenses for a RICO claim.  *See Annulli*, 200 F.3d at 200.

Robbery in violation of 18 U.S.C. § 1951 is a predicate offense listed in § 1961(1).  Section 1951 defines "robbery" as "the unlawful taking or obtaining of

---

[14] There is no § 1986 in Title 18.  Fuce may be referring to 42 U.S.C. § 1986, a civil rights provision. However, Fuce alleges no facts to support a claim of a civil rights violation.

[15] Pl.'s RICO Case Statement ¶ 2(b).

5

personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . ." 18 U.S.C. § 1951(b)(1). Robbery punishable by imprisonment for more than one year under state law is also a predicate offense under § 1961(1). In Pennsylvania, an essential element of the crime of robbery is intentional infliction or threat of bodily harm. 18 Pa. Cons. Stat. Ann. § 3701 (West 2012).[16] There are no facts alleged that West inflicted or threatened to inflict bodily harm. Nor can one infer actual or threatened physical injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Therefore, the conclusory allegation of "robbery" does not make out a predicate offense for racketeering activity.

Embezzlement in violation of 29 U.S.C. § 501(c) or 18 U.S.C. § 664 is a predicate act. 18 U.S.C. § 1961(1). Section 501(c) prohibits embezzlement from union funds and § 664 prohibits embezzlement from pension and welfare funds. Fuce has not alleged that West committed either of these crimes.

State-law embezzlement, which is a form of theft, is not a predicate offense because it is not listed in § 1961(1). *See Annulli*, 200 F.3d at 199-200 (the state law crime of theft is not a predicate offense under § 1961(1)); *Weizman Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 255 (S.D.N.Y. 2002) (larceny by embezzlement under New York law is not a predicate offense); *Toms v. Pizzo*, 4 F. Supp. 2d 178, 183 (W.D.N.Y. 1998) (embezzlement is only a predicate offense when it violates 29 U.S.C. § 501(c) or 18 U.S.C. § 664), *aff'd* 172 F.3d 38, at *2 (2d Cir. 1998) (unpublished table

---

[16] Based on Fuce's allegations that both parties live and work in Pennsylvania and that all relevant events took place in Pennsylvania, we assume that Fuce intends to reference the Pennsylvania Crimes Code.

decision). Fuce's bald allegation of embezzlement does not support a claim of racketeering activity.

Despite Fuce's efforts to transform West's conduct into criminal offenses, it is clear that he alleges a breach of contract cause of action. Fuce claims that West agreed to pay him a specific amount in exchange for his work as a service technician. He alleges that West paid him less than the agreed-upon amount.[17] Failing to honor the terms of an employment agreement is a breach of contract, which is not actionable under RICO.[18] *Annulli*, 200 F.3d at 199; *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir. 1988); *Blount Fin. Serv. Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152 (6th Cir. 1987) (affirming the district court's dismissal of a RICO claim in part because "[t]he fact that the parties take different positions under the contract . . . does not give rise to a valid claim for fraud.").

## Conclusion

In sum, because Fuce has failed to plead that West was involved in a predicate offense of "racketeering activity" under 18 U.S.C. § 1961(1), he has failed to state a claim under § 1962(d) on which relief can be granted. Therefore, we shall grant West's

---

[17] West signed Fuce's paychecks.

[18] We do not have diversity jurisdiction over Fuce's breach of contract claim because both parties are citizens of Pennsylvania. Even if we had jurisdiction, Fuce cannot state a breach of contract claim against West. Fuce's exhibits indicate that his employment contract was with NLS, not West. *See supra*, note 4. As a disclosed agent of NLS, West cannot be liable for NLS's alleged breach of contract. *See Freedom Props., L.P. v. Lansdale Warehouses Co.*, No. 06-5469, 2007 WL 1683850, at *4 (E.D. Pa. June 7, 2007) ("General agency theory and Pennsylvania law counsels that an agent who discloses that he is working for a principal is not a party to a contract and therefore, the principal alone is liable for any breach." (citing *Perlman v. Pittsburgh Cabinets & Builders Supplies, Inc.* 156 A.2d 373, 375 (Pa. Super. Ct. 1959); *Merit Motors, Inc. v. Bartholomew*, 118 A.2d 277, 279 (Pa. Super. Ct. 1955))); *see also* Restatement (Third) of Agency § 6.01 (2006).

motion to dismiss.

It is clear from Fuce's allegations that no racketeering activity actionable under RICO occurred.  Accordingly, we shall not grant Fuce leave to amend because amendment would be futile.